SHEFSKY et al. v. MANSEW CORPORATION (CUTTING ROOM APPLIANCES CORPORATION, third party defendant-appellee).

Docket 53, No. 21420.

United States Court of Appeals Second Circuit.

Argued Nov. 4, 1949.

Decided Nov. 17, 1949.

948

Austin, Wilhelm, Carlson & Cooke, New York City, Harris B. Steinberg, New York City, Jacob J. Bobrow, New York City, of counsel, for third party plaintiff and defendant appellant.

Henry L. Burkitt, New York City, for defendant appellee.

Before L. HAND, SWAN and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The impleading order of February 10, 1948, bringing in CRA as a party, was ex parte. Whether a motion to dismiss a counterclaim would ordinarily be the proper method to raise the question of the validity of such an order, we need not decide, for here the affidavit attached to the motion sufficiently raised that question. True, in that affidavit CRA urged that the order was erroneous under Rule 14, 28 U.S.C.A., whereas obviously the pertinent rule is Rule 13(h); however, the note printed on the summons might well have misled CRA. Consequently, we think the motion to dismiss the counterclaim should be considered as a motion to vacate the impleading order as improper under Rule 13(h).[1]

That rule allows impleader only where "* * * the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim. * * *"[2] Here, when defendant sought impleader, its only basis was the supporting affidavit of defendant's lawyer. We may assume, arguendo, that that affidavit would have sustained the order if it had stated merely (a) that the counterclaim would allege that plaintiffs had violated the Sherman and Clayton Acts, 15 U.S.C.A. § 1 et seq., and (b) that CRA had joined in the violations to such an extent that it was a necessary party if defendants were to obtain "complete relief" under the proposed counterclaim. But the affidavit went further. It thus said too much and, in so doing, said too little. For it alleged detailed facts which, so the affidavit asserted, "demonstrated" that the anti-trust laws had been violated. Those alleged facts fell far

1. We have jurisdiction of this appeal because the dismissed counterclaim prayed an injunction.

2. Rule 13(h) reads as follows: "When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action."

short of anything like such a showing.[3] The district court should therefore not have made the order joining CRA as a party.

Affirmed.

3. We need not consider whether, had the impleading order been valid, the counterclaim would have been sufficient or at least good enough to require that defendant be allowed to amend.