**DELIA PLASTERING CO. v. D. H. DAVE,**
**Inc. et al.**
**No. 27036.**

United States District Court
N. D.. Ohio, E. D.
Feb. 19, 1951.

E. M. Rose, John H. Brigleb, Cleveland, Ohio, for plaintiff and cross claimants.

James C. Davis, George Mayer, Cleveland, Ohio, for defendants.

FREED, District Judge.

Plaintiff, Delia Plastering Co., Ltd., is a limited partnership. Defendants were general contractors on a United States Government hospital project. Plaintiff was a sub-contractor. This action was brought for breach of the subcontract. Plaintiff elected to sue in the partnership name, Rule 17(b), Federal Rules of Civil Procedure, 28 U.S. C.A.; Ohio General Code, § 11260. Defendants answered and made the counter-claim that the plaintiff breached the subcontract. For complete adjudication of the controversy defendants, by motion, now seek to have the general partners of plaintiff, and the Maryland Casualty Company, surety on plaintiff's performance bond, made parties to the action.

Defendants' motion is predicated on Rule 13(h) which provides that the court *shall* order that additional parties be brought in as defendants when their presence is required for the granting of complete relief in the determination of a counterclaim. It is obvious from the verbiage of the rule that it is mandatory, not discretionary, to bring in defendants who are necessary or indispensable parties to the counterclaim. Analysis of Rules 13(h), 19(b), and 21 clearly demonstrates the soundness of this conclusion.

Two questions are posed by the motion; (1) should Maryland Casualty Company be made a party to the action, and (2) should the general partners be parties to the action?

By the terms of the bond, Maryland Casualty Company is liable jointly and severally with the plaintiff.. Whether it is a necessary or an indispensable party who must be present in the controversy under Rule 13(h) need not be resolved as it is

manifestly a proper party within Rule 20 and may be added by the Court in accordance with Rule 21.

This Court is of the opinion that the general partners may properly be made parties to the counterclaim. Ohio General Code, § 8058 provides that "All actions respecting the business of such [limited] partnership shall be prosecuted by and against the general partners only * * *."

■ Whether Rule 13(h) or Rules 20 and 21 permit the method by which it is accomplished is of no moment. The fact that plaintiff elected to bring the action in the partnership name cannot foreclose or preclude the defendants from the right granted by Rule 17(b) and Ohio General Code, § 11260 to choose, as to their counterclaim, whether they will assert it against the partnership entity or the partners individually.

The plaintiff is not the sole beneficiary of the Ohio Statutory provisions. Defendants most aptly stated that plaintiff may not deprive defendants of this right by winning the race to the courthouse.

Motion will be granted.