### SCHWARTZ et al. v. GENERAL ELECTRIC CO. et al.

United States District Court
S. D. New York.

June 18, 1952.

Jacob W. Friedman, New York City, for plaintiff.

Cravath, Swaine & Moore, New York City (Murray W. McEniry and Armin R. St. George, New York City, of counsel), for defendant Westinghouse Electric.

WEINFELD, District Judge.

Insofar as the complaint relates to the defendant, Westinghouse Electric Corporation, it is alleged that the latter, together with the defendant General Electric Company, engaged in a conspiracy in restraint of trade whereby free competition in the sale of electrical equipment has been eliminated and price levels maintained. No claim for treble damages is asserted against Westinghouse, but an injunction is sought.

Section 16 of the Clayton Act, 15 U.S. C.A. § 26, permits "Any person * * * to sue for and have injunctive relief, * * * against threatened loss or damage by a violation of the antitrust laws, * * * under the same conditions and principles as injunctive relief against threatened conduct that will cause loss or damage is granted by courts of equity, under the rules governing such proceedings * * *."

To entitle plaintiff to injunctive relief, it is necessary to allege injury or threatened injury to him proximately caused by the conduct of the defendant sought to be enjoined.[1] In this respect, the complaint is defective. The omission is not cured by the allegations of the complaint which relate solely to injury caused by other named defendants.

The motion to dismiss for failure to state a claim is granted. Plaintiff is given leave to serve an amended complaint.

Settle order on notice.

1. Revere Camera Co. v. Eastman Kodak Co., D.C., 81 F.Supp. 325; Westor Theatres, Inc. v. Warner Bros. Pictures, Inc., D.C., 41 F.Supp. 757; Tivoli Realty, Inc. v. Paramount Pictures, Inc., D.C., 80 F. Supp. 800.