**PIERCE CONSULTING ENGINEERING CO. et al. v. CITY OF BURLINGTON, VT. et al.**

**Civ. A. No. 1432.**

United States District Court
D. Vermont.

Sept. 29, 1953.

Barber & Barber, Brattleboro, Vt., Fayette & Dechenes, Burlington, Vt., Hale & Dorr, Boston, Mass., for Pierce Consulting Engineering Co. and Henry Friedman, assignee.

Bernard J. Leddy, Burlington, Vt., for City of Burlington, Vt.

Edmunds, Austin & Wick, Burlington, Vt., for Century Indem. Co.

GIBSON, District Judge.

This action was brought by Pierce Consulting Engineering Company and Henry Friedman, Assignee, against the City of Burlington. In the declaration, plaintiffs claim that the Pierce Company was engaged by contract as consulting engineer on an electric power construction project by the City of Burlington. Plaintiffs further claim that the defendant city breached its contract with the Pierce Company on or about October 1, 1952. Plaintiffs seek damages in the amount of $100,000, which they claim were occasioned by this breach. The defendant filed an answer and counterclaim against the plaintiffs seeking $350,000, which it claims as damages caused by the alleged breach of the Pierce Company. Included in this answer and counterclaim was an ex parte motion that the Century Indemnity Company be brought into the case as a party defendant. This motion, which was procedurally grounded on Rules 13(a) and 13(h) of the Federal Rules of Civil Procedure, 28 U.S.C.A., alleged in substance that the Century Indemnity Company had become a surety for the Pierce Company by virtue of its having contracted to give a bond in the amount of $200,000 assuring the performance of the Pierce Company. This motion was granted by this Court, and the Century Indemnity Company was ordered brought into the action as a party defendant. Century Indemnity Company appeared generally and now moves the Court to vacate the order bringing it in as a party defendant and to strike the complaint.

As has been noted, the basis of the joinder of the Indemnity Company was its alleged position as surety of the plaintiff, Pierce Consulting Engineering Company. If the Indemnity Company is in fact a surety of Pierce, it is liable jointly and severally with Pierce to the city—if liability be found in fact. As such, its presence in this action is required for complete relief. Rule 13(h) of the Federal Rules provides that where the presence of additional parties is required for the granting of complete relief in a case of this sort, the Court "shall order them to be brought in as defendants". This rule has already been in-

terpreted as being mandatory; Delia Plastering Co. v. D. H. Dave, Inc., D.C. Ohio 1951, 11 F.R.D. 304; and this Court concurs in that interpretation.

 The Delia Plastering case, supra, presented a factual situation not unlike that presented in the instant case. There, plaintiff brought an action for breach of contract against the defendant, who counterclaimed and moved to join the plaintiff's surety and the general partners of the plaintiff concern. The motion was therein granted on the grounds that Rule 13(h) was mandatory. It seems clear that the text of the Rule defines a mandate, and this Court so rules.

 It further seems to this Court that the presence of the Century Indemnity Company as a party to this action is in complete accord with the basic purpose of the Federal Rules of Civil Procedure, namely, "to secure the just, speedy, and inexpensive determination of every action." Rule 1. Justice is one of the foundation stones of freedom and this democracy must see to it that there is prompt action and prompt decision on every cause in its courts. John R. Alley & Co. v. Federal National Bank of Shawnee, Shawnee County, Okl., 10 Cir., 124 F.2d 995.

 It seems a fairly settled rule that a judgment against a principal is not ordinarily binding on his surety. Kramer v. Morgan, 2 Cir., 85 F.2d 96. Indeed, the highest court of this jurisdiction has held that a judgment against a principal is never binding on his surety unless the surety has either expressly stipulated, or by reasonable intent, has stipulated to be bound by a judgment or decree against the principal. Ballantine & Sons v. Fenn, 84 Vt. 117, 78 A. 713, 40 L.R.A., N.S., 698. A reading of the alleged contract of suretyship in the instant case neither reveals nor infers any such stipulation.

It is at once clear that if the Century Indemnity Company is not joined in this action, it will not be bound by the decision therein. Assuming that the alleged suretyship of Century is proven, a recovery against the Pierce Company in this action could only lead to an analogous action against Century if the latter is not herein joined. Such would be an unreasonable duplication of effort and a needless retrial of issues; it would be out of tune with the spirit of the Federal Rules of Civil Procedure.

It is therefore ordered that the motion of the Century Indemnity Company to have vacated the order bringing it in as a party defendant be denied; and the Indemnity Company will remain in the case as a party defendant.