**EAGLE LION CLASSICS, Inc. et al.**
v.
**LOEW'S Inc. et al.**

United States District Court,
S. D. New York.

May 5, 1954.

Morris Gutt, New York City, for plaintiffs; William L. McGovern, Seymour Krieger, and Robert L. Wright, Washington, D.C., of counsel.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for defendant Loew's Inc.; S. Hazard Gillespie, Jr., Francis W. Phillips and H. L. King, New York City, of counsel.

O'Brien, Driscoll & Raftery, New York City, for defendants RKO Theatres, Inc. and RKO Film Booking Corp.; Edward C. Raftery and George A. Raftery, New York City, of counsel.

Donovan, Leisure, Newton & Irvine, New York City, for defendants RKO Radio Pictures, Inc., and Radio-Keith Orpheum Corp.; Ray McDonald, Buffalo, N. Y., and Thomas K. Fisher, New York City, of counsel.

Dwight, Royall, Harris, Koegel & Caskey, New York City, for defendant Twen-

tieth Century-Fox Film Corp.; John F. Caskey and Barbara A. Scott, New York City, of counsel.

Schwartz & Frohlich, New York City, for defendant Columbia Pictures Corp.; Everett A. Frohlich and Myles J. Lane, New York City, of counsel.

Simpson, Thacher & Bartlett, New York City, for defendants Warner Bros. Pictures Distributing Corp., United Artists Corp., Paramount Film Distributing Corp., and Big U Film Exchange, Inc., (Universal); A. C. Bickford, Cyrus R. Vance and Hardin Holmes, New York City, of counsel.

AUGUSTUS N. HAND, Circuit Judge.

This is an anti-trust suit in which the plaintiffs demand treble damages for injury caused by an alleged conspiracy carried on by the defendants during the period 1946–1950. An injunction is also sought against the continuation of the conspiracy in the future by these same defendants. Specifically the violation of the anti-trust laws concerns an alleged conspiracy to monopolize the film business in metropolitan New York among the eight distributor defendants and exhibitor defendants, Loews and RKO. The plaintiffs allege that the effect of this conspiracy in the past has been to exclude the plaintiffs from the prior run market in New York in the distribution of pictures, to cause a loss in the sale of their distribution business, and to drive one of the plaintiffs, "Eagle Lion Films", out of the motion picture distribution business. Damages for this injury are sought only against the exhibitor defendants, Loews and RKO, while injunctive relief is sought against all the defendants.

■ To secure equitable relief the plaintiffs must show that in regard to them there is a "threatened loss or damage by a violation of the antitrust laws." 15 U.S.C.A. § 26. Schwartz v. General Electric Co., D.C.S.D.N.Y., 107 F.Supp. 58. In the complaint threatened injury is alleged only as to Eagle Lion Classics, Inc., a distributor of motion pictures, but Eagle Lion Classics was sold to the defendant United Artists in 1951 and has withdrawn from this suit. No other threatened injury is alleged and indeed plaintiffs' counsel admit that none of the plaintiffs are presently engaged in distributing motion pictures. As such, I can find no ground to sustain a claim of equitable relief. Accordingly, the action for equitable relief is dismissed and the distributor defendants are discharged.

■■ Concerning the further claim for damages against the exhibitor defendants, Chesapeake Industries, Inc., the parent company of the remaining plaintiffs, executed a general release on December 31, 1953, with United Artists mutually releasing and discharging said parties from all "claims, rights, liabilities, actions" etc., known or unknown between them. This broad release, intended to settle "all disputes of whatsoever nature, known or unknown" between the parties, seems clearly to cover Chesapeake's claim here against United Artists. As alleged in the complaint, United Artists and the defendants are all members of the same conspiracy and as such are joint tort-feasors. Thus according to the well-settled principle of law, the release of one joint tort-feasor without reserving rights against the other effects the release of all other joint tort-feasors.

The plaintiffs argue that the release was not intended to discharge United from liability in the present suit. While it is true that the release primarily concerned difficulties under a purchase agreement entered into between Chesapeake, United and Eagle Lion Classics in 1951, the intent is clearly expressed in the preamble, the release clause, and the clause dealing with covenants not to sue, that all disputes and claims of every nature be settled between the parties. Moreover, no exemption from the release clause touches this action although it has been pending since 1950.

The plaintiffs also argue that even if the release is binding as to Chesapeake Industries, the parent company, it is not binding on its wholly owned and controlled subsidiaries which are also plaintiffs in this action. However, none of

these subsidiaries are presently engaged in distributing motion pictures and it seems quite clear that Chesapeake is the real party in interest. When Eagle Lion Classics was sold to United Artists, the cause of action reserved, covering the main claim in this suit, was transferred directly to Chesapeake. Moreover, in the release Chesapeake speaks for all its subsidiaries as it covenants to discontinue all law suits instituted by itself or them. Accordingly, I can see no reason why the release should not be effective and as such the remaining claim for damages is dismissed.

Complaint dismissed and judgment for the defendants.