Charles A. LENZ, Intervener, Appellant,

v.

Harriet WAGNER, Appellee.

No. 16245.

United States Court of Appeals Fifth Circuit.

Feb. 5, 1957.

John W. McConnell, Jr., Mobile, Ala., for appellant.

Vincent F. Kilborn, Mobile, Ala., for appellee.

Before RIVES, TUTTLE and BROWN, Circuit Judges.

RIVES, Circuit Judge.

This proceeding evolved from a civil action by the United States against Al Wagner, individually and doing business as Cavalcade of Amusements and North American Concessions Corporation, brought under Sections 3678 and 3800 of the Internal Revenue Code of 1939, 26 U.S.C.A. §§ 3678, 3800, for the appointment of a receiver and to enforce liens for taxes imposed by various Internal Revenue Laws. About a week after the original complaint was filed, Al Wagner was killed by a former employee. Thereafter, North American Concessions Corporation appeared seeking relief and also requested the appointment of a receiver for all of its assets and properties, as well as those owned by Al Wagner at the time of his death. The State of Alabama intervened claiming liens on the property, and made Harriet Wagner, Al's widow, an additional party defendant. Harriet answered claiming some of the property, and also prayed for the appointment of a receiver along with other relief.

A receiver was appointed with authority to sell all properties belonging to either North American, Al Wagner, or his estate, free of liens, encumbrances or claims against the property, which were ordered to be transferred to the proceeds of sale. An auction was held by the receiver, all assets sold, and the sale subsequently approved by the court.

Thereafter, the present appellant, Lenz, filed a motion to intervene for the enforcement of claims based upon the following: 1. That North American Concession Corporation, the late Al Wagner, and Harriet Wagner owed him money on three separate mortgages, Exhibits A, B and C; 2. That Harriet Wagner owed him money on a separate chattel mortgage, Exhibit D; 3. Exhibit E con-

sisted of various claims for insurance premiums on open account, together with loans, one of which was a loan to Harriet Wagner and Al Wagner of $7,500.00 on June 19, 1953, and another a cash advance of April 13, 1954 to Harriet Wagner of $200.00. Lenz's motion for summary judgment was granted as to claim numbered 2, above and was denied as to the other claims. Subsequently, a hearing was held on all claims to the proceeds of the property. By two decrees following that hearing the court ordered the distribution of all assets in the hands of the receiver, including pro rata payments to Lenz on his claim numbered 1, above, the indebtedness secured by mortgages, Exhibits A, B and C; and found,

"That the payments hereinabove ordered to be made will exhaust the funds and property of this estate and, accordingly, except as heretofore ordered to the contrary, no person, firm or corporation not heretofore paid or authorized to be paid, other than those hereinabove referred to, has any right, title, interest, lien, encumbrance or claim in, to or upon any property coming into the hands of the Receiver in this cause or the proceeds of the sale thereof which entitles it, him or her to be paid or to receive any part of the said property or the proceeds of the sale thereof or has any claim or right or right [sic] of priority or preference which entitles it, him or her to be paid or receive any part of the money or other property coming into the hands of the receiver in this cause or proceeds of sale thereof."

The receiver was therefore discharged.

Lenz again moved for summary judgment against the defendants and against Harriet Wagner, which motion was denied. Harriet Wagner then moved to dismiss Lenz's claim against her on the ground that the court lacked jurisdiction to hear and determine the same.[1] The

1. "Comes now the Defendant, Harriett Wagner, and moves the Court to dismiss the claim of Charles A. Lenz filed in this cause in which judgment was sought by the said Charles A. Lenz as to issues between Charles A. Lenz and Harriett Wagner, concerning an alleged indebtedness of Harriett Wagner to Charles A. Lenz.

"In support of this motion this Defendant says as follows:

"1) The case wherein the claims of Charles A. Lenz are made against this Defendant was a proceeding instituted April 3, 1953, by the United States of America against Al Wagner and the North American Concession Corporation, wherein the Plaintiff sought to subject assets of North American Concession Corporation to the payment of taxes owing by Al Wagner to the United States. Ancillary to such proceeding the United States sought a receivership of the affairs of the corporation.

"2) As the files of this Court will show, Wagner was killed and all assets of Al Wagner or of North American Concession Corporation were seized by this Court and disposed of in this cause as will appear from various orders on file in this cause. There remain no further assets of Al Wagner, and no further assets of the corporation, all assets having been disposed of by final order of this Court rendered in this cause December 2, 1955.

"Wherefore, this Defendant says that the cause in main has in truth and in fact been heretofore terminated by the decree of the Court dated December 2, 1955, and there is no case pending in this Court. Hence there does not exist in this proceeding any controversy between the claimant, Charles A. Lenz, and this Defendant, and this Court has no further jurisdiction whatever.

"3) This Defendant says moreover that she was not an original Defendant to this proceeding, nor was the claimant an original Defendant herein; to the contrary both of the parties were brought in as Defendants in order that the Court might have before it all persons who would be necessary or proper parties to determine various issues which arose in connection with the cause in main pending in the Court. The alleged claims of Charles A. Lenz against Harriett Wagner constitute a separate and distinct controversy, if there be a controversy, between Charles A. Lenz and Harriett Wagner, not connected with or dependent upon adjudication of the claim in the cause in main, and this Court has no jurisdiction of the person of this Defendant, since the original cause wherein

motion of Harriet Wagner was granted and all claims of Lenz for a deficiency personal judgment against Harriet Wagner were dismissed "without prejudice for lack of jurisdiction in this cause." This appeal followed.

█ Harriet Wagner admitted liability on that part of claim numbered 3, above, for the cash advance of $200.00 to her and also on the chattel mortgage, Exhibit D, the basis of claim numbered 2, above. The other mortgages, Exhibits A, B and C, claim numbered 1, above, she claimed were executed by her as surety for her husband's debts contrary to the laws of Alabama, Title 34, Sec. 74, Code of Alabama, 1940. She denied the correctness of the open account and remaining items, except the personal loan of $200.00, forming the basis of claim numbered 3, above. As to these defenses, genuine issues as to material facts had to be determined and, hence, on such claims Lenz's motion for summary judgment was properly denied. Rule 56(c), Fed.Rules Civ.Proc. 28 U.S.C.A.

██ It is not questioned that the interventions, both of the State of Alabama and of Lenz, were interventions of right under Rule 24(a), F.R.C.P. No independent ground of federal jurisdiction needed to be shown to support either intervention. 4 Moore's Federal Practice, 2nd ed., Par. 24.18. At the time Lenz intervened, Harriet Wagner was already a party to the proceeding. His claim against her for a deficiency personal judgment grew out of mortgages and transactions upon which the district court had jurisdiction to grant relief, and actually did grant relief to the extent of the moneys in the hands of the receiver. Lenz's claim against Harriet Wagner was a compulsory counterclaim within Rule 13(a), F.R.C.P. See also 4 Moore's Federal Practice, 2nd ed., Par. 24.17. It was auxiliary to the action of which the district court already had jurisdiction and

needed no independent jurisdictional ground to support it. Moore v. New York Cotton Exchange, 270 U.S. 593, 609, 46 S.Ct. 367, 70 L.Ed. 750; United Artists Corp. v. Masterpiece Productions, 2 Cir., 221 F.2d 213, 217; 3 Moore's Federal Practice, 2nd ed., Par. 13.15, p. 41. The district court had acquired jurisdiction to do complete equity and to adjudicate fully the controversies between Lenz and Harriet Wagner. The judgment of dismissal for lack of jurisdiction is, therefore, reversed and the cause remanded.

Reversed and remanded.

---

she was made a party Defendant has in fact been finally disposed of by the Court's decree of December 2, 1955.

"Wherefore, this Defendant respectfully calls to the attention of the Court

its lack of jurisdiction of the subject matter of the controversy, and its lack of jurisdiction of the person of either the claimant or this Defendant, and says that the same should be dismissed."