**H. & A. SELMER, Inc., Plaintiff,**

v.

**MUSICAL INSTRUMENT EXCHANGE, Inc., Defendant.**

**MUSICAL INSTRUMENT EXCHANGE, Inc., Supplemental Plaintiff,**

v.

**Sam ASH, Supplemental Defendant 1, et al.**

United States District Court
S. D. New York.

Dec. 2, 1957.

Harper & Matthews, New York City, for plaintiff.

Friedland, Jobrack & Zurkow, New York City, for defendant, Musical Instrument Exchange, Inc., Louis G. Greenfield and Sidney W. Rothstein, New York City, of counsel.

O'Brien, Driscoll & Raftery, New York City, for supplemental defendants, George A. Raftery, William D. Friedmann, New York City, of counsel.

LEVET, District Judge.

A number of the so-called supplemental defendants herein have moved to vacate the ex parte order dated July 5, 1957, which brought them into this action, or, in the alternative, for other relief. The plaintiff has joined in this motion at the time of argument.

Plaintiff, H. & A. Selmer, Inc. (hereinafter called Selmer), is an Indiana corporation with its principal office for doing business in Elkhart, Indiana. Selmer manufactures and sells musical instruments, accessories and parts.

The defendant, Musical Instrument Exchange, Inc. (hereinafter called Musical), is a New York corporation, doing business at 112 West 48 Street, New York City, selling musical instruments at retail.

The original action of plaintiff Selmer against defendant Musical was based upon a claim for goods sold and delivered in the sum of $9,728. The defendant caused the original action to be removed to the federal court on or about April 1, 1957. Defendant answered plaintiff's complaint by setting up affirmative defenses and a counterclaim containing an alleged antitrust charge against the plaintiff. (The plaintiff replied to defendant's counterclaim and the defend-moved to strike the defense of pari delicto contained in defendant's reply, which motion was denied by this court, D.C., 154 F.Supp. 697.)

On July 5, 1957, defendant Musical secured an ex parte order of this court bringing in the supplemental defendants.

Rule 13(h) of the Federal Rules of Civil Procedure, 28 U.S.C.A. is as follows:

"*Additional Parties May Be Brought in.* When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained and

their joinder will not deprive the court of jurisdiction of the action."

In the affidavit of Louis G. Greenfield, sworn to on July 3, 1957, upon the basis of which the ex parte order was made joining these supplemental defendants, he asserts that these supplemental defendants are necessary and proper parties and that their inclusion will prevent a multiplicity of suits; that if Musical prevails in establishing this counterclaim, these supplemental defendants will be subject to the injunctive mandate of this court. No assertion was made that the presence of these parties was required for the granting of complete relief in the determination of the counterclaim. This is the issue upon this motion.

■ If the person to be added is an indispensable party he must be added or the court cannot proceed to an adjudication of the counterclaim. 3 Moore's Federal Practice, p. 102.

The provision in Rule 13(h) of the Federal Rules of Civil Procedure providing for the bringing in of additional parties whose presence "is required for the granting of complete relief in the determination of a counterclaim or cross-claim" has been interpreted by the courts to mean "parties" who are "indispensable" and/or "necessary." Edwards v. Rogers, D.C.E.D.S.C.1954, 120 F.Supp. 499; Kuhn v. Yellow Transit Freight Lines, Inc., D.C.E.D.Mo.1952, 12 F.R.D. 252. See also Shefsky v. Mansew Corp., 2 Cir., 1949, 177 F.2d 946.

■ Since the order permitting the bringing in of additional defendants was made ex parte, it may be vacated upon notice. Shefsky v. Mansew Corp., supra; Invest-Import v. Seaboard Surety Co., D.C.S.D.N.Y.1955, 18 F.R.D. 499.

Defendant Musical's prolix "supplemental complaint" is in substance as follows:

1. That defendant Musical and the supplemental defendants, among others, were and are retail dealers in musical instruments, etc., and are retail customers of plaintiff Selmer;

2. That defendant Musical seeks damages from plaintiff sustained as a result of acts of plaintiff and its retailers violative of the antitrust acts;

3. That plaintiff Selmer and the retailers named herein, as well as others whose identities are "presently unknown to the supplemental plaintiff" have "combined and conspired" by certain resale agreements to sell only at fixed prices, etc.;

4. That during the year 1953, the supplemental plaintiff Musical introduced and promoted a consumer discount purchasing program known as the "mix" plan;

5. That in January 1953, Selmer adopted a franchise retailing dealers agreement and adopted a new resale plan at fixed terms and prices, in accordance with which dealers who breached such agreement were to cease receiving goods from Selmer;

6. That in January 1953, plaintiff Selmer and others acting in concert with it—that is, the so-called franchised dealers—demanded that defendant Musical adhere to these restrictive terms and that it delete Selmer's name from advertisements and that Musical, so coerced, agreed;

7. That between January 1953 and December 1956, Selmer received complaints from numerous of its franchised retailers that Musical was failing to comply with resale agreements; that Musical refused to abide by such agreements, and that as a result of Musical so refusing, plaintiff Selmer cancelled Musical's franchise agreement;

8. That to secure resumption of sales by plaintiff Selmer to Musical, Musical was compelled to and on or about March 21, 1955, did sign a restrictive agreement;

9. That Selmer and a majority of its retailers adhered to the written agree-

ment of January 28, 1955, and that thereby Musical was affected in its sales of Selmer's products and was disfranchised *by Selmer* and suffered loss, etc.

It must affirmatively appear from the pleadings in an action brought under the antitrust laws that injury and damage to the pleader was proximately caused by the alleged wrongful conduct of those charged, here the supplemental defendants. Schwartz v. General Electric Co., D.C.S.D.N.Y.1952, 107 F.Supp. 58; Dublin Distributors, Inc. v. Edward & John Burke, Limited, D.C.S.D. N.Y.1952, 109 F.Supp. 125.

However, Musical has not shown, even to the extent of pleading, that the presence of these supplemental defendants is required for the granting of complete relief in the determination of the defendant's counterclaim against the plaintiff. There is no allegation of the formation of an overall conspiracy or combination among the plaintiff and the supplemental defendants against the defendant Musical. In effect, Musical claims that each of the supplemental defendants in his own business relationship with plaintiff engaged in a course of conduct motivated by similar considerations. The twelve separate and independent supplemental defendants had no connection with each other and dealt independently with Selmer. See Canella v. United States, 9 Cir., 1946, 157 F.2d 470, 476; Feddersen Motors, Inc. v. Ward, 10 Cir., 1950, 180 F.2d 519; Alexander Milburn Co. v. Union Carbide & Carbon Corp., 4 Cir., 1926, 15 F.2d 678.

Consequently, it develops that the complaint of Musical is that Selmer would not sell unless Musical adhered to the resale agreement, and the complaint of Musical against the supplemental defendants is that they in turn insisted upon Selmer taking action against Musical by reason of Musical's breaches of its agreement with Selmer. Just what else the supplemental defendants had to do with this problem does not appear.

For Musical to recover on such an alleged cause of action by way of counterclaim does not require the presence of the supplemental defendants in this action. If Selmer is eventually enjoined, Musical may secure complete relief in the determination of its counterclaim against Selmer without the presence of these supplemental defendants or any other of such retail dealers who are in a similar position with respect to Selmer. What Musical seeks against Selmer is (1) damages for failure to sell and (2) injunctive relief to prevent its repetition. Thus, Musical is not primarily concerned with what the supplemental defendants do, but only with what Selmer does.

Hence, the supplemental defendants are not required under Rule 13(h) of the Federal Rules of Civil Procedure for the granting of complete relief in the determination of this counterclaim.

Therefore, the motion to vacate the order of July 5, 1957, permitting the bringing in of the supplemental defendants, is granted.

So ordered.