312

**S. P. A. RICORDI OFFICINE GRA-
FICHE, Plaintiff,**

v.

**WORLD ART REPRODUCTIONS CO.,
Inc., Defendant.**

United States District Court
S. D. New York.

Oct. 6, 1958.

Greenwald, Kovner & Goldsmith, New York City, for plaintiff.

Milton Ross, New York City, for defendant.

BICKS, District Judge.

The defendant has moved pursuant to Fed.R.Civ.P. 13(h), 28 U.S.C.A., to bring in Artistic Imports, Inc. as a defendant to the end that it may be afforded complete relief in the determination of one of the counterclaims asserted in the answer.

The suit stems from a written agreement between plaintiff, an Italian corporation, and defendant, a New York corporation. This agreement is in the English language and gives evidence of having been prepared by individuals accustomed to speaking in a foreign tongue. The result is a document which, insofar as giving clear and unambiguous expression to the intention of the con-

tracting parties, leaves much to be desired. So much, however, is clear: Defendant was constituted "General Agent for the U.S.A. of the * * * [plaintiff][1] of the edition department: 'Edizoni Beatrice d'Este' " (hereinafter sometimes referred to as the "product") for a term ending December 31, 1957 subject to automatic extensions if the sales of plaintiff's products reached the minimal amounts therein set forth. Paragraph 6(a) of the agreement provides, in *haec verba:*

> "a) World Art Reproduction Co guaranties the Officine Grafiche Ricordi S.p.A. a minimum of $20,000 until December 31th, 1956 and another $30,000 until 31/12/1957."

The agreed terms of payment were "90 days by Bank Acceptance".

The complaint contains seven counts: each of the first four is on a draft or bill of exchange accepted by the defendant; the fifth is on an unaccepted draft; the sixth, for goods sold and delivered; and the last, for breach of the provisions contained in Paragraph 6(a) of the agreement. In its answer, the defendant admits the material allegations contained in each of the first four counts; denies any knowledge or information sufficient to form a belief with respect to the allegations contained in the fifth count; denies the allegations in the goods sold and delivered—the sixth—count; admits the failure to make purchases within the time and in the amounts relied on by plaintiff in the

seventh count as constituting a breach of the agreement; denies that plaintiff duly performed the terms and conditions of the agreement on its part to be kept and performed; and then, alleges so far as material here a "set-off and counterclaim against plaintiff, and * * * a counterclaim against Artistic Imports, Inc."[2] It is only this counterclaim which need be considered on the motion *sub judice.* Artistic Imports, Inc., it appears is a New York corporation having its principal place of business within this district. Defendant alleges that plaintiff is the only manufacturer in the world of the "products"; that Artistic was fully familiar with defendant's rights under the agreement; and that plaintiff and Artistic entered into a combination and conspiracy to destroy, and did destroy, defendant's agency and business in the respects particularized in the pleading, as a result of all of which defendant was prevented from carrying out the terms of the agreement; the benefits of its bargain were thereby lost to defendant to its detriment in the sum of $50,000. Trebling the alleged damages and allowance of reasonable counsel fees are sought on the theory that the conduct complained of violated 15 U.S.C.A. §§ 2, 13 and 15.

Defendant founds authority to bring Artistic in as a defendant on Fed. R.Civ.P. 13(h).[3] Three prerequisites are to be satisfied before this Rule may be invoked: (1) presence of the proposed additional party is required for the

---

1. The contracting parties are named as The Officine Grafiche Ricordi S.p.A. and World Art Reproductions Co. It is assumed that the plaintiff and the defendant to this suit are respectively the former and latter named entities, though it is to be noted from the pleadings that the plaintiff is suing and the defendant is being sued in confusingly similar, but different names.

2. To be noted is the novel and improper assertion of a "counterclaim" against one not a party to the suit.

3. Rule 13(h) provides:
   "(h) Additional Parties May Be Brought in. When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action."

granting of complete relief in the determination of the asserted counterclaim; (2) jurisdiction of said party can be obtained; and (3) joinder of such party will not deprive the Court of jurisdiction of the action.

The test to be applied in determining whether presence of the party sought to be added "is required for granting of complete relief" in the determination of the counterclaim, is not whether such party is "indispensable". "Necessary parties"—those who ought to be made parties if complete relief is to be accorded between those already parties—[4] also satisfy the first prerequisite. United Artists Corp. v. Masterpiece Productions, Inc., 2 Cir., 1955, 221 F.2d 213; H. & A. Selmer, Inc., v. Musical Instrument Exchange, Inc., D.C.S.D. N.Y.1957, 21 F.R.D. 224, 226. If the allegations of the counterclaim are true, and for the purposes of this motion we assume they are, Artistic is jointly and severally liable with the plaintiff as a coconspirator. As such it is a party whose presence "is required for the granting of complete relief in the determination of * * * [the] counterclaim." See United Artists Corp. v. Masterpiece Productions, Inc., supra [221 F.2d 216]; Lesnik v. Public Industrials Corp., 2 Cir., 1944, 144 F.2d 968.[5] A contrary holding would be inconsistent with the very purpose of the rule and result in multiplicity of suits. See Lesnik v. Public Industrials Corp., supra, 144 F.2d at page 973; Affiliated Music Enterprises, Inc., v. Sesac, Inc., D.C.S.D.N.Y.1955, 17 F.R.D. 509; United States v. Milhan, D.C.E.D.N.Y.1954, 15 F.R.D. 459; General Casualty Co. of America v. Fedoff, D.C.S.D.N.Y.1951, 11 F.R.D. 177. See also Fed.R.Civ.P. 1.

Artistic, a New York corporation, is subject to the jurisdiction of this Court; the second prerequisite is thus met.

Determination of whether the last prerequisite is satisfied does not lend itself to such summary treatment, for bringing in Artistic would result in a lack of complete diversity.[6] Defendant's claim that its performance was frustrated by the conspiratorial acts of plaintiff and Artistic relates directly and logically to plaintiff's claim for breach of the agreement and must be asserted as a compulsory counterclaim. See Fed.R. Civ.P. 13(a). Absolute identity of factual backgrounds for the two claims is not necessary, see 3 Moore, Federal Practice, Para. 13.13 (2d ed. 1948),[7] though here there is little room for contention that both plaintiff's claim and defendant's counterclaim do not relate to the same transaction. The District

---

4. Fed.R.Civ.P. 19(b).

5. See also Shefsky v. Mansew Corp., 2 Cir., 1949, 177 F.2d 946, where the Court assumed arguendo that a third party could properly be added as a defendant in accordance with Fed.R.Civ.P. 13(h) if it appeared (a) that the counterclaim would allege a violation of the anti-trust laws and (b) that the proposed additional party had joined in the violations to such an extent that it was a necessary party if defendants were to obtain complete relief. See also, H. & A. Selmer, Inc., v. Musical Instrument Exchange, Inc., supra, where the Court held that the presence of "supplemental defendants" was not required for the granting of complete relief in the determination of a counterclaim, because there was no allegation of the formation of an overall conspiracy or combination among plaintiff and the supplemental defendants against the counterclaiming defendant.

6. While Artistic would appear in the caption as an additional defendant we " 'look beyond the pleadings, and arrange the parties according to their sides in the dispute.' " City of Indianapolis v. Chase National Bank, 1941, 314 U.S. 63, 69, 62 S.Ct. 15, 17, 86 L.Ed. 47.

7. A compulsory counterclaim needs no independent jurisdictional grounds to support it. See Lenz v. Wagner, 5 Cir., 1957, 240 F.2d 666.

Court's jurisdiction having been properly invoked to adjudicate plaintiff's claim, it has auxiliary or ancillary jurisdiction over defendant's compulsory counterclaim. Where the granting of complete relief in the determination of that counterclaim requires the presence of additional parties the ancillary jurisdiction extends to them as well, regardless of an ensuing lack of diversity. See United Artists Corp. v. Masterpiece Productions, Inc., supra, 221 F.2d at pages 216–217; King v. Edward B. Marks Music Corp., D.C.S.D.N.Y.1944, 56 F.Supp. 446. Defendant's brief refers to the counterclaim as one based on the anti-trust laws; plaintiff has not uttered any dissent. Since ancillary jurisdiction has been found to exist, it is not necessary to inquire whether original jurisdiction may properly be grounded on 28 U.S.C.A. § 1337.

Plaintiff's contention in the main is that the defendant's alleged inequitable conduct should not blind this Court to the reality that the defendant is seeking to invoke the processes of this Court in furtherance of its purpose to deprive plaintiff of its due. However, upon a motion under Rule 13(h) the merits of plaintiff's cause or of the defenses interposed thereto are not examined. The Rule is not discretionary. When properly brought into play its unequivocal language requires that "the court shall order" the bringing in of the additional party. Other internal evidence is contained in the Rules that Rule 13(h) was intended to be mandatory. See Pierce Consulting Engineering Co. v. City of Burlington, Vt., D.C. D.Vt.1953, 15 F.R.D. 23; Kuhn v. Yellow Transit Freight Lines, Inc., D.C.E.D.Mo. 1952, 12 F.R.D. 252; Delia Plastering Co. v. D. H. Dave, Inc., D.C.N.D.Ohio, 11 F.R.D. 304; Barron and Holtzhoff, Federal Practice and Procedure, § 399 (Supp.1957). Fed.R.Civ.P. 19(b), which defines necessary parties and sets forth substantially the same three prerequisites as Rule 13(h), has similarly been construed to be mandatory when these prerequisites are met. 3 Moore, op. cit., Para. 19.19 at 2206. See also Draisner v. Liss Realty Co., 1955, 97 U.S.App.D.C. 77, 228 F.2d 48. In the instances where the Rules intended to confer discretion upon the Court unmistakable language reflecting that intent was used. See, e. g., Fed.R.Civ.P. 21, 41(a) (2).

It is not a sufficient warrant to refuse bringing in an alleged coconspirator as an additional party that plaintiff may be prejudiced thereby. True, if the purpose is only to delay plaintiff in the enforcement of its asserted rights, the processes of the Court are being abused. At this stage and in the present posture of the proceedings, however, such a finding would lack appropriate support in the record. On the other hand, refusal to grant defendant the requested relief might necessitate a retrial of the same issues litigated in this case at another time in another forum with the attendant waste of time and money.

In its brief plaintiff argues for the first time that summary judgment should be granted in its favor on the first four counts of the complaint. Absent a motion by either party under Fed.R.Civ.P. 56 or a motion which may be treated as having been made under that rule, plaintiff's requested relief may not be granted.[8] This Court neither expresses nor intimates any opinion with respect to the merits of such a motion.

Motion granted.

---

8. Although the prevailing view is that a court may, in a proper case, grant summary judgment to a non-moving party, where the other party has moved therefor, 6 Moore, op. cit., Para. 56.12, it can hardly be said that a motion under Rule 13(h) to add a party for the purpose of completely adjudicating a counterclaim puts in issue the question of whether plaintiff is entitled to judgment as a matter of law on unrelated counts of his complaint.