INVEST–IMPORT, Plaintiff,

v.

SEABOARD SURETY COMPANY,
Defendant.

SEABOARD SURETY COMPANY, Defendant and Third-Party
Plaintiff,

v.

FRAZIER–SIMPLEX INTERNATIONAL CORP., Lyon McCandless, Clare A. McCandless, also known as Clare A. Paquin, and Edmond P. McQueen, Frazier-Simplex, Inc., Third-Party Defendants.

United States District Court
S. D. New York.

Oct. 5, 1955.

Rogge, Zucker, Fabricant & Gordon, New York City, for plaintiff.

Goldstein, Judd & Gurfein, New York City, for defendant Frazier-Simplex, Inc.

Engelman & Hart, New York City, for defendant and third-party plaintiff, Seaboard Surety Co.

H. A. & C. E. Heydt, New York City, for third-party defendant, Glass Production Methods, Inc.

SUGARMAN, District Judge.

Frazier-Simplex, Inc., has been brought into this action by an ex parte order of the court pursuant to Fed. Rules Civ.Proc. rule 13(h), 28 U.S.C.A., as an additional party to answer "Plaintiff's Reply and Counterclaims to Third Party Defendant's Answers and Counterclaims".

It now moves to dismiss the counterclaims asserted against it on the ground

that it was not properly brought in under Rule 13(h).[1]

F.R.Civ.P. 13(a), (b) and (g) authorize the assertion of counterclaims or cross-claims against opposing parties or co-parties, but not against strangers to the litigation.[2]

It is only when "the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in * * * "[3]

Under no theory can it be said that movant's presence is necessary to grant plaintiff full relief as against Frazier-Simplex International Corp. (now known as Glass Productions Methods, Inc.), the "opposing party" claimed to be the agent of movant.

Although, as plaintiff urges, the Rules have for their purpose *inter alia* the avoidance of circuity of action and the disposition of the entire subject matter arising from one set of facts in one action and should be liberally construed, these principles do not dictate an utter disregard of orderly procedure.

It appears that plaintiff may commence an independent action against movant, whereupon it may move for consolidation under F.R.Civ.P. 42. Plaintiff argues that the ex parte order entered herein under Rule 13(h) was conceptually and practically a consolidation as though made under Rule 42. Conceptually it may be the same; practically it is not.

On a motion under Rule 42, the burden will be on plaintiff to show that the consolidation should be ordered in the exercise of the court's discretion and on notice to all parties; in proceeding un-

der F.R.Civ.P. 13(h), plaintiff has sought to achieve the desired result by an ex parte application.

Accordingly, the motion of the defendant Frazier-Simplex, Inc., to dismiss the counterclaims asserted against it by plaintiff is granted. There being no just reason for delay, the clerk is directed to enter final judgment dismissing plaintiff's counterclaims against movant.[4] It is so ordered.

---

1. By agreement of the parties, other relief sought in the moving papers is not now before the court.

2. 3 Moore's Fed.Prac., 3d Ed., §§ 13.06, 13.34.

