Carmon F. GALLIMORE and Betty Gallimore, Plaintiffs,

v.

Owen DYE, Administrator of the Estate of Silas Dye, Deceased, Defendant.

Civ. A. No. 3851.

United States District Court
E. D. Illinois.

March 20, 1958.

See, also, D.C., 21 F.R.D. 283.

James W. McRoberts, East St. Louis, Ill., Harold T. Berc, Chicago, Ill., for plaintiff.

Wham & Wham, Centralia, Ill., Kelley A. Loy, Fairfield, Ill., for defendant.

Brady, Donovan & Hatch, East St. Louis, Ill., for counter-defendant.

JUERGENS, District Judge.

This cause arises out of an automobile accident which occurred near Cisne, Illinois, in which, it is alleged, the plaintiffs sustained injuries as a result of the negligent operation of an automobile by the defendant's intestate.

On January 30, 1958, the defendant filed his answer to this complaint. On the same day the defendant filed his motion pursuant to Rule 13 of the Federal Rules of Civil Procedure, Title 28 U.S. C.A., asking that the court order one Oscar Gallimore to be brought in as a party defendant, stating as grounds therefor that he desires to file a pleading entitled counter-claim and cross-claim against the plaintiff Carmon F. Gallimore and against the proposed new party, Oscar Gallimore. The defendant filed a copy of the proposed cross-claim and counter-claim in which it is alleged that he is the duly appointed administrator of the estate of Silas Dye, deceased, by order of the County Court of Wayne County, Illinois; that the amount in controversy exceeds the sum of $3,-000, exclusive of interest and costs; that the counter-defendant and the proposed cross-defendant were, at the time of the accident alleged in the complaint, engaged in a joint venture or that the counter-defendant was acting as the agent of the proposed cross-defendant; that as a result of the negligence of the counter-defendant the defendant's intestate received injuries therefrom, causing the death of the defendant's intestate; that the defendant's intestate, and the next of kin of the defendant's intestate were in the exercise of due care and caution for the safety of the defendant's intestate. In his motion the defendant

alleges that the said Oscar Gallimore resides within the State of Illinois and that he can be properly served by process issuing out of this court.

The jurisdiction of this court exists by virtue of diversity of citizenship. The plaintiffs in this suit are residents of the State of Tennessee and the defendant is a resident of the State of Illinois. The amount in controversy fairly exceeds $3,000, exclusive of interest and costs.

The procedure by which a counter-claim may be asserted by a defendant against a plaintiff is found in Rule 13 of the Federal Rules of Civil Procedure, Title 28 U.S.C.A.

Rule 13(a) of the Federal Rules of Civil Procedure, Title 28 U.S.C.A. provides:

> "(a) Compulsory Counterclaims. A pleading shall state as a counter-claim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, except that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action."

In this case the defendant's claim arises out of the occurrence that is the subject matter of the plaintiff's claim and does not require for its adjudication the presence of parties of whom the court cannot acquire jurisdiction, nor was a claim against the plaintiff Carmon F. Gallimore in this suit the subject of another pending action.

It appears that the defendant's counter-claim falls within the provisions of paragraph 13(a) and is, therefore, a compulsory counter-claim. Pursuant to that Rule the defendant must assert any

rights that he has against this plaintiff arising out of the transaction here involved by means of a counter-claim. Therefore, the defendant's motion asking permission to file his counter-claim against the plaintiff Carmon F. Gallimore should be allowed.

The procedure whereby additional parties may be brought into a suit for the purpose of asserting a claim against them is found in Rule 13(h), Title 28 U.S.C.A.

Rule 13(h) of Title 28 U.S.C.A., provides:

"(h) Additional Parties May Be Brought in. When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action."

From the pleadings it appears that jurisdiction over Oscar Gallimore can be acquired by this court. The joining of the defendant Oscar Gallimore will not deprive this court of jurisdiction of the cause.

"There is authority under the Rules that, where a party asserting a counter-claim of the compulsory type, seeks to bring in additional parties, no diversity of citizenship between the counter-complainant and the added party is required, even though jurisdiction of the main action is founded on diversity and the counter-claim does not involve a federal matter." 3 Moore's Federal Practice, 103, Section 13.39.

The allegations contained in the counter-claim and cross-claim and set out above show that the presence of Oscar Gallimore is required in order to grant complete relief in the determination of the cross-claim and counter-claim.

The plaintiff points out to the court that there is presently an action by Oscar Gallimore against the defendant in this suit in the Circuit Court of Wayne County, Illinois. The court is of the opinion that the causes of action asserted by the defendant in this suit against the cross-defendant and the counter-defendant cannot be prosecuted to a conclusion in that action, since Carmon F. Gallimore is not a party to that suit, and for that reason holds that the motion to bring in Oscar Gallimore as a party to this action should be allowed.