Gloria PARKER, Plaintiff,

v.

BROADCAST MUSIC, INC., National Broadcasting Company, Inc., and Columbia Broadcasting System, Inc., Defendants.

United States District Court
S. D. New York.
Feb. 8, 1962.

Audrey Fox Anderson, New York City, for plaintiff.

Cravath, Swaine & Moore, New York City, for defendant Columbia Broadcasting System, Inc.

Rosenman, Colin, Kaye, Petschek & Freund, New York City, Lawrence R. Eno, Milton Adler, Harold S. Levy, New

York City, of counsel, for defendant Broadcast Music, Inc.

Cahill, Gordon, Reisdel & Ohl, New York City, for defendant National Broadcasting Co., Inc.

FREDERICK van PELT BRYAN, District Judge.

Plaintiff Gloria Parker commenced this private anti-trust suit against Broadcast Music, Inc., National Broadcasting Co., Inc., and Columbia Broadcasting System, Inc. on November 14, 1956, charging a conspiracy in restraint of trade in violation of the anti-trust laws. On November 21, 1960 an order was entered by Chief Judge Ryan dismissing the action for lack of prosecution. On December 19, 1960 Judge Ryan, on plaintiff's motion, vacated the order of dismissal on the condition that plaintiff post a $2500 bond and that the action be placed upon the trial calendar ready for trial no later than May 1, 1961. The bond has been posted but even now, nine months after the date set, the case has not yet been placed on the trial calendar.

Plaintiff now moves for leave to file a supplemental complaint adding four additional defendants who are officers or directors of the defendant corporations. Plaintiff alleges that these persons have conspired together individually and as officers of the defendant corporations to bar her from earning a living in the entertainment field as both a composer and a performer. She further alleges that they should have been named as defendants in the original complaint but were not because of inadvertence.

■ Though plaintiff has moved under Rule 13(h), F.R.Civ.P., 28 U.S.C.A., that rule is not applicable here. It governs the bringing in of parties defendants when "required for the granting of complete relief in the determination of a counterclaim or cross-claim." There are no cross-claims or counterclaims here. The motion will be treated as brought under Rules 15(d) and 19(b).

■ The motion is in all respects denied.

Plaintiff has not shown, nor does she seriously contend, that the defendants she seeks to add are indispensable parties or that complete relief cannot be accorded between plaintiff and the original defendants without adding these additional parties. To grant this motion would only result in further delaying the trial of this action. In view of the many years this action has been pending and the failure of plaintiff to comply with Chief Judge Ryan's order of December 19, 1960, further delay is totally unwarranted. Moreover, it is evident that the facts upon which plaintiff bases her claim that the four proposed defendants are liable have been known to her for a long time. She has failed to present a single valid reason why she failed to add these parties and file a supplemental complaint during the five years this action has been pending.

The interests of justice would not be served and, indeed, would be subverted by the granting of plaintiff's motion, which is in all respects denied.

It is so ordered.