Thelma L. STERNAMAN, Administratrix
of the Estate of James D. Sternaman,
Deceased, Plaintiff,

v.

Eugenia B. MACLOSKIE, Executrix of the
Estate of Charles Wilhelmi Macloskie,
Deceased, and Delta Air Lines, Inc., De-
fendants.

Civ. A. No. 8423.

United States District Court
E. D. South Carolina,
Charleston Division.

May 10, 1965.

Henry H. Edens, Columbia, S. C., for plaintiff.

Joseph W. Cabaniss and deRosset Myers, Charleston, S. C., for defendants.

SIMONS, District Judge.

This matter is before the court on motion of defendant Eugenia B. Macloskie, Executrix of Estate of Charles Wilhelmi Macloskie, [1] to change venue from the Eastern District of South Carolina, Charleston Division, to the Southern District of Georgia, Augusta Division, pursuant to Title 28 U.S.C. § 1404[a] [1] on grounds that change of venue would be for the convenience of parties and witnesss and in the interest of justice; and [2] to bring in Beaman Rampey and Interurban Transit Lines, Inc., as cross-defendants pursuant to Rule 13[h] [2] of the Federal Rules of Civil Procedure.

1. 28 U.S.C. § 1404 [a] provides, in part: "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

2. Rule 13 [h] provides: "Additional Parties May Be Brought In. When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim,

Summons and complaint in the above matter were filed with Clerk of Court July 31, 1964. Plaintiff originally brought action for wrongful death against only the defendant Eugenia B. Macloskie, Executrix of Estate of Charles Wilhelmi Macloskie, deceased. On October 9, 1964, this defendant filed motion to change venue from the Eastern District of South Carolina, Charleston Division, to the Southern District of Georgia, Augusta Division, in accordance with Title 28 U.S.C. § 1404[a] on grounds that change of venue would be for the convenience of parties and witnesses and in the interest of justice in that the accident occurred in Georgia and potential witnesses are from states other than South Carolina.[3]

This motion was heard in Charleston, S. C., October 14, 1964, with counsel for plaintiff and defendant presenting oral argument.

Shortly thereafter plaintiff expressed a desire to amend her complaint [4] and with consent of counsel for defendant filed said amended complaint March 20, 1965, bringing in as additional party defendant, Delta Air Lines, Inc. Defendant Macloskie filed answer to amended complaint April 16, 1965,[5] included therein a cross-claim against Beaman Rampey and Interurban Transit Lines, Inc., and made motion in form of a proposed order to have these parties brought in as cross-defendants pursuant to Rule 13[h] [6] of the Federal Rules of Civil Procedure.

Defendants herein, to date of this order, have asserted neither a counterclaim against plaintiff nor a cross-claim against a co-party to the action. Defendant Macloskie is attempting to bring in two strangers to the suit as cross-defendants for sole purpose of asserting a claim against them for the death of Charles Wilhelmi Macloskie. This clearly is not proper procedure under Rule 13[h]. In Fort Chartres and Ivy Land D. & L. Dist., etc. v. Thompson, 4 F.R.D. 369 [D.C.E.D.Ill.1945], the court considered an almost identical motion by defendants and in granting plaintiff's motion to dismiss stated at page 370:

"The so-called counterclaims for interpleader are not counterclaims as usually understood nor are they cross-claims. They are directed solely against persons who are not parties to the suit. I know of no precedent for this procedure under Rule 13(h). In Moore's Federal Practice, Vol. 1, p. 730, Sec. 13.09, speaking of Rule 13(h) it is said: 'This subdivision should not be confused with impleader, which is governed by Rule 14. Thus if A sues X and Y on a claim, this rule does not authorize X to bring in Z, because Z is or may be liable to him or to plaintiff A. That situation is governed by Rule 14. On the other hand, if X pleads a counterclaim against A, either compulsory or permissive, or pleads a cross claim against Y, then this subdivision applies, and if the presence of additional parties is required for the granting of complete relief in the determination of the counterclaim or cross claim the court should order them to be brought in, * *.' Defendants' questioned pleadings being neither counterclaims against the plaintiff nor cross claims against

---

the court shall order them to be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action."

3. See affidavit of deRosset Myers, Esquire, counsel for defendant Macloskie filed October 9, 1964.

4. In letter to court dated November 9, 1964, counsel for defendant requested court hold in abeyance ruling on motion for change of venue until after plaintiff filed amended complaint.

5. Defendant Delta Air Lines, Inc., has not filed its answer to plaintiff's amended complaint.

6. Note 2, supra.

a codefendant the additional parties cannot be brought in under said Rule 13(h)." [7]

In support of its contentions that Rampey and Interurban, Inc., may be brought in as cross-defendants for purposes of the cross-claim, defendant Macloskie cites Gallimore v. Dye, 22 F.R.D. 250 [D.C.Ill.1958], in which a stranger to the suit was joined as a cross-defendant as a result of a cross-claim filed against him by the original defendant. However, that case clearly differs from the case before the court as the original defendant there had also filed a compulsory counterclaim against plaintiff therein and the court determined that plaintiff and proposed cross-defendant were engaged in a joint venture at the time of the subject accident, or that plaintiff was the agent of the proposed cross-defendant. The court further determined that the presence of the cross-defendant was required "in order to grant complete relief in the determination of the cross-claim and the counterclaim."

■ In the case here there exists no necessity to join the proposed cross-defendants in order to determine the issues raised in plaintiff's complaint. Plaintiff also has the right to join one or more of several joint tort feasors as party-defendants without joining all of them, and defendants have no right to compel plaintiff to join those tort feasors who plaintiff elects not to sue; neither can defendants insist that such parties be brought in as party-defendants.[8]

Originally the plaintiff herein had consented to defendant's motion to join the proposed cross-defendants in this action, but later withdrew her consent by letter to the court dated May 4, 1965. However, the court is of the opinion that it would not have authority under Rule 13[h] to grant defendant's motion under the facts and circumstances as they appear at present, even if plaintiff would not have withdrawn her consent.

■ Also, having heard arguments of counsel for both plaintiff and defendant and having considered the record herein and affidavit filed with the court, I am of the opinion that defendant has failed to carry the burden of proof to sustain the motion for change of venue from the Eastern District of South Carolina, Charleston Division, to the Southern District of Georgia, Augusta Division, on grounds that such change of venue would be for the convenience of parties and witnesses and in the best interest of justice.

Based upon the foregoing facts and conclusions of law it is ordered that defendant Macloskie's motion to join Beaman Rampey and Interurban Transit Lines, Inc., as cross-defendants, is denied and that the cross-claim against Beaman Rampey and Interurban Transit Lines, Inc., be stricken from defendant's answer to plaintiff's amended complaint.

It is further ordered that defendant's motion for change of venue from the Eastern District of South Carolina, Charleston Division, to the Southern District of Georgia, Augusta Division, be, and it hereby is, denied.

Let judgment be entered accordingly.

7. See also Parker v. Broadcast Music, Inc., et al., 30 F.R.D. 151 [D.C.N.Y.1962]; Invest-Import v. Seaboard Surety Company, 18 F.R.D. 499, [D.C.N.Y.1955];

Moore's Federal Practice, Vol. 3, p. 101, Sec. 13.39.

8. Weaver v. Marcus, 165 F.2d 862 [4th Cir. 1948].