426 F.2d 566
 Fed. Sec. L. Rep. P 92,668
F. O. MAJORS, Third-Party-Plaintiff-Appellant,
v.
AMERICAN NATIONAL BANK OF HUNTSVILLE, Alabama,
Third-Party-Defendant-Appellee.
 No. 28253.
 United States Court of Appeals, Fifth Circuit.
 May 19, 1970, Rehearing Denied July 17, 1970.
 
 Roger A. Prestwood, Andalusia, Ala., for third-party-plaintiff appellant.
 Don M. Jones, Charles E. Clark, Birmingham, Ala., Julian Butler, Huntsville, Ala., for third-party-defendant-appellee.
 Before JOHN R. BROWN, Chief Judge, and BELL and INGRAHAM, Circuit judges.
 PER CURIAM.
 
 
 1
 Douglas J. Moore and eight other individuals (hereinafter Moore, et al.), as purchasers of securities, filed in the United States District Court for the Northern District of Alabama a class action under the provisions of Rule 23, Federal Rules of Civil Procedure, basing Federal jurisdiction upon the Securities Act of 1933, the Securities-Exchange Act of 1934, Rule 10-B-5 of the Securities-Exchange Commission, Rule 15c 1-2 of the Securities-Exchange Commission and the Mail Fraud Statute. F.O. Majors (hereinafter Majors) was named a party defendant along with Delta Securities Company which was alleged to be a sole proprietorship of Majors, three other companies and six other individuals. The complaint alleged that Majors acted as a broker and dealer in securities of 'Reserve National Life Insurance Company' under the trade name and style of Delta Securities Company, that Majors and Delta Securities Company were brokers and dealers within the meaning of the Securities Act of 1933 and the Securities Exchange Act of 1934, and that Majors was a controlling person, an organizer and promoter of 'Reserve National Life Insurance Company' within the meaning of the Securities Act of 1933 and the Securities Exchange Act of 1934. Majors was also alleged to be the chief executive officer and in de facto control of Alliance Industrial Development Corporation and Alliance Insurance Company which were also named as defendants in the action brought by Moore, et al. The complaint, filed by Moore, et al., after a lengthy recitation of the facts, states six claims, designated A through F, against Majors and his codefendants. Moore, et al., in Claim A, claim compensatory and punitive damages for use of interstate commerce or the mails to defraud in violation of the Securities Acts, in Class B claim compensatory and punitive damages for willfully and intentionally obtaining money by means of false or fraudulent pretenses using the United States mails in violation of the mail fraud statutes of the United States, in Claim C seek an accounting by the defendants, in Claim D seek the appointment of a receiver, in Claim E claim compensatory damages and punitive damages for fraud or deceit in the sale of securities, and in Claim F claim compensatory damages and punitive damages in a catch-all allegation including by reference Claims A-E. Contrary to the allegations of Majors in his brief filed in this court, the complaint filed by Moore, et al. does not predicate the liability of Majors solely upon his position as a licensed securities dealer which Majors asserts made him a virtual insuror of the proceeds from the sale of the stock in the proposed insurance company. Moore, et al. make no distinction between Majors and the other defendants in their claims asserting that the defendants were guilty of willful and intentional conduct, i.e., fraud, false pretenses and deceit in the sale of securities in violation of the Securities Acts.
 
 
 2
 Majors filed a third-party complaint against the Peoples National Bank of Huntsville and the American National Bank, Huntsville (hereinafter ANB), stating three claims designated A, B and C. In Claim A Majors states that he 'had property, as a principal, in all of the checks given in payment of stock to the proposed corporation' and that ANB 'owed him a common duty of exercising ordinary care and diligence in negotiating said checks', but were negligent in the negotiation of said checks. He further alleges that the negligence of ANB 'proximately resulted in the misappropriation of all or part of the funds as alleged by the plaintiff in Paragraph 'E' of the original complaint in this cause.' Majors seeks judgment against ANB for all sums that may be adjudged against him in favor of Douglas J. Moore, et al. Contained in Majors' petition for permission to appeal was an abandonment by Majors of his third-party Claims 'B' and 'C'. ANB filed its Motion to Dismiss or to Strike, alleging, among other grounds, that the district court lacked jurisdiction over the subject matter of the action.
 
 
 3
 The district court granted the motion to dismiss, holding that independent claims are not properly asserted in a third-party complaint, citing United States v. Joe Grasso & Son, Inc., 380 F.2d 749 (5th Cir. 1967). The case is before us on an interlocutory appeal.
 
 
 4
 Majors is a citizen of Alabama and ANB is a national bank having its principal place of business in Alabama. The court would not have jurisdiction of Majors' suit against ANB unless his claim comes within the provisions of Rule 14(a), Federal Rules of Civil Procedure. We hold that it does not.
 
 Rule 14(a) provides:
 
 5
 '* * * a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.'
 
 
 6
 The limitations upon the use of Rule 14(a) are enumerated in 35A C.J.S. Federal Civil Procedure 118:
 
 
 7
 'The third-party procedure is not designed as a vehicle for the trying together of separate and distinct causes of action, or for the introduction, into the main action, of several parallel, but independent, actions, or separate and independent claims, or for changing the cause of action as asserted, or substituting another action for it, and is not a device for bringing into an action any controversy which may have some relation to it.'
 
 
 8
 These limitations are stressed by other leading authorities on the Federal Rules:
 
 
 9
 'But the boundaries of ancillary jurisdiction within which so much third-party jurisdiction rests, cannot be extended by the civil rules of procedure. It must therefore be remembered that ancillary jurisdiction does not comprehend claims or proceedings which must properly be regarded as separate and independent causes or claims. Thus while a federal court acquiring jurisdiction of a claim for relief by reason of a substantial federal question, has undoubted ancillary jurisdiction to decide all issues arising under state or local law regardless of its disposition of the federal question, it has no ancillary jurisdiction of a separate and distinct non-federal claim for relief merely because joined with a federal claim.' IA Barron & Holtzoff (Wright ed.), 424.
 
 
 10
 The limitations discussed by these writers were stated by this court in United States v. Joe Grasso & Son, Inc., supra, wherein the court stated in affirming the dismissal of a third-party complaint:
 
 
 11
 '* * * an entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it does arise out of the same general set of facts as the main claim * * * The question whether a defendant's demand presents an appropriate occasion for the use of impleader or else constitutes a separate claim has been resolved consistently by permitting impleader only in cases where the third party's liability was in some way derivative of the outcome of the main claim. In most such cases it has been held that for impleader to be available the third party defendant must be 'liable secondarily to the original defendant in the event that the latter is held liable to the plaintiff."
 
 
 12
 The judgment of the district court dismissing Majors' third-party complaint is affirmed.