UNITED STATES AGRICULTURAL PROCESSORS MARKETING SERVICE, INC., Plaintiff,

v.

QUINONEZ HERMANOS, S.A., et al., Defendants,

v.

LAAD MARKETING COMPANY, INC., a Panama Corporation, et al.

No. 76–839–Cr–JLK.

United States District Court, S. D. Florida, Miami Division.

Dec. 20, 1976.

Sidney A. Soltz, Miami, Fla., Marvin I. Moss, North Miami, Fla., Keity S. Rosenn, Columbus, Ohio, for plaintiff.

James W. Crabtree, J. Bruce Hoffmann, Miami, Fla., for defendants.

ORDER GRANTING ADDITIONAL PARTY DEFENDANT'S MOTION TO DISMISS CROSS–CLAIM AND DENYING DEFENDANT'S MOTION TO COMPEL

JAMES LAWRENCE KING, District Judge.

This breach of contract action was filed in the Circuit Court of the 11th Judicial Circuit, Dade County, Florida, by plaintiff United States Agricultural Processors Marketing Service, Inc. against defendants Quinonez Hermanos, S.A., Quality Foods De Centro America, S.A. ("Quality Foods") and Duroparts De El Salvador, S.A. ("Duroparts"). On May 14, 1976, defendants removed the action to this court and posted the appropriate bond.

Quality Foods answered the complaint on May 18, denying various parts of the complaint and counterclaiming against plaintiff. In addition, the answer contained "cross-claim[s] and additional claims" against "additional party defendants" Laad Marketing Company, Inc., ("Laad"), Joel Dreer, and Robert L. Ross. The claims against the additional party defendants were unrelated to either the complaint or the counterclaim. No allegation appeared in the answer that the additional party defendants were liable to Quality Foods for all or part of plaintiff's claim against Quality Foods.

On June 9, Laad moved this court to dismiss the claims against it, contending that it had been improperly joined as a party under rules 13 and 14, Fed.R.Civ.P. Laad also moved the court to strike certain portions of the cross-claim requesting punitive damages. The court ruled on July 15, 1976, that these motions to dismiss were moot because plaintiff had obtained leave of court to file an amended complaint "requiring a new answer."

For reasons that are not pertinent here, plaintiff obtained leave of court and filed, on June 16, an amended complaint. Quality Foods answered this amended complaint on July 15, but failed to re-aver its "cross-

claim and additional claims" against the additional party defendants.

On July 29 Laad moved to strike its name from the caption of the case because of the failure of Quality Foods to re-aver the "cross-claim." On August 3, Ross moved to dismiss the action on the grounds of improper joinder earlier alleged by Laad. The court found, on October 22, that Quality Foods had "inadvertently failed to re-aver their cross-claims in their answer . . . and that such failure [was] not a fatal defect which [would] preclude the defendants from proceeding on said cross-claim." Quality Foods was given 20 days to file an amended answer re-avering its cross-claims, and the additional party defendants were given 10 days "in which to file a responsive pleading."

On November 1, Quality Foods filed an amended answer re-averring its "cross-claims" against the additional party defendants. Laad and Ross joined, on November 12, to file the motion to dismiss that is the subject of the present order. In this motion these parties have moved the court to dismiss Quality Foods' "cross-claims" against them on the grounds raised earlier in Ross' motion of August 3, and in Laad's motion of June 9, that Quality Foods had not, as was required, brought these additional parties into the action properly under rules 13 and 14, Fed.R.Civ.P.

Quality Foods maintained that the motion to dismiss of November 12, was not a "responsive pleading" which, under the order of October 22, Laad, Ross, and Dreer were required to file. In addition, Quality Foods contended that the improper joinder argument advanced by Laad and Ross had already been ruled upon by this court.

■ Rule 7(a) Fed.R.Civ.P., enumerates all permitted "pleadings." Motions to dismiss are not mentioned, so therefore motions to dismiss are not "pleadings", responsive or otherwise. However, in view of the fact that this court's order of October 22 did not .explicitly· consider the improper joinder claims of Laad or Ross and was in addition less than completely clear in its directive that "responsive pleadings" be filed, this court elects, in the interest of justice, to treat Laad and Ross' motion to dismiss as a motion for clarification and reconsideration of the October 22 order. Accordingly, this court now considers the improper joinder argument on its merits.

Quality Foods obtained service of process on Laad, Ross, and Dreer, as "additional party defendants" under "cross-claim[s] and additional claims" in its answer of May 18. These claims did not appear to, nor were they alleged to, relate to the subject matter of either plaintiff claims against Quality Foods or of Quality Foods' counterclaim against plaintiff. No cross-claims were filed against the only other co-defendant in the action at that time, Duroparts.

Rules 13 and 14, Fed.R.Civ.P. govern the claims a defendant may make in a civil action. Rule 13(g) allows a defendant to cross-claim "against a co-party" any claim "arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein . . . ." Rule 13(h) permits a defendant to join both indispensible parties (under rule 19) and permissible parties (under rule 20) in cross-claims and counterclaims. Quality Foods contends that rule 13(h) thus permits Laad, Ross, and Dreer to be added additional parties defendant under rule 20, citing an assertion in Wright & Miller, 6 Federal Practice and Procedure § 1434 (1975 pocket part) that "parties may be added under rule 13(h) for the purpose of asserting a totally new claim that may not be directly related to the original plaintiff's claim."

■ Laad and Ross reply that whether or not parties may be added for "totally new" claims (in apparent derogation of rule 13(g), requiring cross-claims to arise from the subject matter of the original claim), for a cross-claim to exist at all it must be asserted at least in part against *existing co-defendants.* A claim wholly against parties not in the action cannot be a cross-claim at all but must be a third-party claim under rule 14, Fed.R.Civ.P.

■ This court agrees with Laad and Ross. The language of 13(g) is clear that

any cross-claim must be in part "against a co-party." Rule 13(h) can only be used to bring in *additional* parties to an existing cross-claim. *Sternaman v. Macloskie,* 37 F.R.D. 316 (E.D.S.C.1965). Rule 13 "authorize[s] the assertion of counterclaims or cross-claims against opposing parties or co-parties, but not against strangers to the litigation." *Invest-Import v. Seaboard Surety Co.,* 18 F.R.D. 499, 500 (S.D.N.Y. 1955).

 If as this court so holds the claims against Laad, Ross, and Dreer cannot be maintained as cross-claims under rule 13, they must be maintained, if at all, under rule 14. Rule 14 provides:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action *who is or may be liable to him for all or part of the plaintiff's claim against him.* (emphasis added)

Thus under rule 14, additional parties added as third-party defendants must be liable for all or part of plaintiff's original claim against defendant. The Fifth Circuit has held accordingly;

> [F]or impleader [under rule 14] to be available the third party defendant must be "liable *secondarily* to the original defendant in the event that the latter is held liable to the plaintiff." . . . [In other] words, . . . the third party must necessarily be *liable over* to the defendant for all or part of the plaintiff's recovery [citing authorities], or . . . the defendant must attempt to *pass on* to the third party all or part of the liability asserted against the defendant [citing authorities].

*United States v. Joe Grasso & Son, Inc.,* 380 F.2d 749, 751 (5th Cir. 1967). *See also F. O. Majors v. American Nat'l Bank,* 426 F.2d 566 (5th Cir. 1970). As neither party has maintained, and as it does not appear, that the claims against Laad, Ross, and Dreer are in any way related to the claims or counterclaims between plaintiff and Quality Foods or that Laad, Ross, and Dreer are in any way secondarily liable to Quality Foods for plaintiff's claims, this court concludes that Laad, Ross, and Dreer have been improperly joined under rule 14. To allow these unrelated parties to be joined with these unrelated claims would be to permit Quality foods to complicate and delay this action through the maintenance of an entirely independent suit within this trial. It is therefore

ORDERED and ADJUDGED that the motion to dismiss of Laad and Ross be and the same is hereby granted. The claims of Quality Foods against these defendants are dismissed. Further, the court dismisses the claims against Dreer on its own motion. These dismissals are without prejudice to the right of Quality Foods to reassert these claims in a separate independent action. Anything in this court's order of October 22, inconsistent with the above is hereby vacated.

DONE and ORDERED in chambers at Miami, Florida, this 20th day of December 1976.