The FEDERAL LAND BANK OF ST. LOUIS, Plaintiff,

v.

CUPPLES BROTHER, a Partnership, et al., Defendant,

v.

The FEDERAL LAND BANK OF OSCEOLA and the Federal Land Bank of St. Louis, Counter-Defendants.

No. J–C–86–21.

United States District Court, E.D. Arkansas, Jonesboro Division.

May 11, 1987.

James C. Clark, Jr., Friday, Eldredge & Clark, Little Rock, Ark., for plaintiff.

Roy Lewellen, Jr., Marianna, Ark., for defendant.

## ORDER

ROY, District Judge.

Pending before the Court is the Motion to Dismiss Counterclaim for Lack of Jurisdiction and Motion for Judgment on the Pleadings, filed by the counterdefendants, The Federal Land Bank of St. Louis and The Federal Land Bank of Osceola. It is contended that although complete diversity exists on the complaint between the plaintiff, The Federal Land Bank of St. Louis, and the defendants, where the counterclaimants have added a counterdefendant, The Federal Land Bank of Osceola, whose citizenship is the same as the countercomplainants, diversity jurisdiction over the counterclaim is defeated. It is also contended that the statute of limitations bars the counterclaim. The defendants have responded, contending that the Farm Credit System should be substituted as the real party in interest; alternatively, that defendant should be allowed to amend as a cross-claim against The Federal Land Bank of Osceola; and that the oral contract was subsequently reduced to writing.

A brief statement of the facts is necessary. The original complaint was filed by the Federal Land Bank of St. Louis against the defendants to foreclose on two mortgages executed in 1974 to secure two notes which were advanced in 1974. The defendants responded by filing an answer and counterclaim. The counterclaim adds The Federal Land Bank of Osceola as a counterdefendant. In the counterclaim, defendants contend that on January 1980, they agreed to purchase certain property (different from that described in the complaint), and thereafter agreed with Forrest City Production Credit Association and The Federal Land Bank of Osceola and The Federal Land Bank to finance the purchase of the property. It is contended that pursuant to that agreement, the Forrest City PCA agreed to loan the plaintiff $80,000.00 for a down payment, and that Federal Land Bank thereafter and in consideration of the payments made by the plaintiff and Forrest City PCA agreed to provide $141,956.05 principal and interest on April 21, 1981 and an additional $141,956.05 principal and interest on or about April 21, 1982. Defendants contend that as an inducement to obtain financing for the above property the counterdefendant required defendants to sell or transfer certain real property owned by them and valued in the amount of $125,-000.00 in exchange for the committment to

finance, and that defendants detrimentally relied upon the promises of the defendant and sold his property. Defendants contend that the counterdefendants refused to complete the terms of the financing agreement and ultimately forced the defendants to sell the property at a substantial loss in the amount of $137,691.00.[1]

█ In addressing the defendants' arguments, the Court does not agree that the Farm credit System is the real party in interest. As indicated on the mortgages being sued upon, The Federal Land Bank of St. Louis is the mortgagee, and thus, the proper party to file the complaint.

█ The Court also disagrees that defendants should be allowed to file a cross-claim. Rule 13(g) of the Federal Rules of Civil Procedure authorizes assertion of counterclaims or cross-claims against opposing parties or co-parties but not against strangers to litigation. *Invest-Import v. Seaboard Surety Co.*, 18 F.R.D. 499 (D.C.N.Y. 1955). Co-parties are persons on the same side in the principal litigation. *Augustin v. Mughal*, 521 F.2d 1215 (8th Cir.1975). A claim filed against an adverse party rather than a co-party is not a cross-claim. *McWhirter Distributing Co. v. Texaco, Inc.*, 668 F.2d 511 (Em.Ct.App.1981); 6 Wright & Miller, Federal Practice and Procedure, Civil § 1431. Furthermore, the subject of the counterclaim does not arise out of the same transaction as required by Rule 13(g).

A Rule 13(g) cross-claim does not require an independent basis of federal jurisdiction, *Cenco Inc. v. Seidman & Seidman*, 686 F.2d 449, 452 (7th Cir.1982), but to be within the terms of the rule the cross-claim must either arise "out of the transaction or occurrence that [was] the subject matter ... of the original action" or relate "to any property that [was] the subject matter of the original action." We doubt whether the first criterion was

satisfied here. The sense in which the cross-claim arose out of the dispute from which the original suit arose stikes us as too remote, given that the immediate source of the cross-claim was a contract made after the original suit; we should be cautious about using elastic and ill-defined notions of ancillary jurisdiction—a concept not mentioned in Article III—to expand our jurisdiction. (citations omitted).

*American National Bank & Trust Company of Chicago v. Bailey*, 750 F.2d 577 (7th Cir.1984), *cert. denied*, 471 U.S. 1100, 105 S.Ct. 2324, 85 L.Ed.2d 842 (1985).

█ Rule 13(g) does not extend to a claim for relief that is not closely related to at least one of the other claims in the action. 6 Wright & Miller, Federal Practice and Procedure, Civil § 1431.

In the present case, it is clear that The Federal Land Bank of Osceola was not a party to the original foreclosure complaint, and is not on the same side as the defendants in the principal litigation. Nor does the subject of defendants' claim arise out of the same transaction.

█ Rules 19 and 20 do not help the defendants in this matter. Joinder of The Federal Land Bank of Osceola would defeat diversity jurisdiction, and as stated earlier, the claims against it do not arise out of the same transaction. Furthermore, the defendants have failed to present sufficient facts which would indicate that any prejudice would result by failing to include The Federal Land Bank of Osceola as a party. The defendants may seek vindication of their rights in state court.

█ Since the Court is not persuaded by the defendants' arguments, it must look at the case as it is now presented to the Court. It is clear that the counterclaim

---

1. In an exhibit attached to a motion to amend the answer, defendants allege a loss in the amount of $23,776.00.

asserted in this case is permissive. Rule 13(b) of the Federal Rules of Civil procedure provides:

> Permissive Counterclaims. A pleading may state as counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.

The federal courts have consistently held that permissive counterclaims must be supported by independent grounds of federal jurisdiction. *Shelter Mutual Insurance Co. v. Public Water Supply*, 747 F.2d 1195 (8th Cir.1984). Based upon the foregoing legal authority, it is clear that the Court is required to dismiss the counterclaim. Because of this finding, it is not necessary to address the argument based upon the statute of limitations.

The Court hereby grants the motion to dismiss the counterclaim.