**164**

Ellen McCORMICK, Plaintiff,

v.

Luama W. MAYS, et al., Defendants.

Sheryl GOULD,
Defendant/Third–Party Plaintiff,

v.

TAFT BROADCASTING COMPANY
and/or Taft Radio & Television,
Inc., Third–Party Defendant.

No. C–1–87–394.

United States District Court,
S.D. Ohio, W.D.

Dec. 30, 1988.

Louis F. Gilligan, Cincinnati, Ohio, for plaintiff.

D. Michael Roberts, Cincinnati, Ohio, for defendant/third party plaintiff Sheryl Gould.

John J. McCoy, Eric M. Jensen, Cincinnati, Ohio, for third party defendant Taft Broadcasting.

James J. Gilvary, Thomas P. Whelley, II, and Wayne Stephan, Dayton, Ohio, Harry L. Riggs, Jr., Erlanger, Ky., for defendants.

## ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court pursuant to the Motion to Dismiss Amended Third–Party Complaint (doc. no. 20) and the memoranda filed relating thereto. A hearing on the Motion to Dismiss was held at which all parties were heard, including plaintiff whose opposition to the inclusion of the third-party defendant in this suit has not been formally filed in memorandum form

but is a part of this record and a factor in this Court's consideration.

All of the claims in this lawsuit arise out of a helicopter crash in which Nancy McCormick, a traffic reporter, and Daniel Gould, the pilot, were fatally injured. A diversity suit was filed by the Administratrix of the Estate of Nancy McCormick ("McCormick") against the Administratrix of the Estate of Daniel Gould ("Gould") and against the owners of the helicopter and business concerns controlled by them (collectively the "Mays defendants"). The original suit is for the wrongful death of Nancy McCormick and contains two basic counts: one based on the alleged negligence of Gould and the other based on the vicarious liability of the Mays defendants as the employer of their pilot Gould.

Defendant Gould responded with six counts of counterclaims, cross-claims and third party claims—all independent of the main claim and all seeking recovery for the wrongful death of Daniel Gould as follows:

A. Counterclaim against McCormick based upon

   1. an unrecognized tort of "negligent inducement."

B. Cross-claims against the Mays defendants based upon

   1. the unrecognized "negligent inducement" tort,

   2. the Ohio intentional tort statute, Ohio Rev.Code § 4121.80, and

   3. the duty imposed upon employers by Ohio Rev.Code 4101.12 to furnish a safe place to work.

C. Third-party claims against the Taft Broadcasting Company ("Taft") based upon

   1. Ohio Rev.Code § 4101.12, and

   2. the unrecognized "negligent inducement" tort.

Procedurally, the appropriateness of Gould's counterclaims and cross-claims is not disputed. Also, the validity of the substance of those claims is not before the Court at this time and will be resolved upon further appropriate motion. Therefore, the counterclaims and cross-claims are not now at issue. They do furnish, however, the necessary completeness to the overall picture of this litigation and are significant in that respect to this Court's consideration of the issues involved in the motion to dismiss Gould's claims against Taft.

Significantly, none of Gould's counterclaims, cross-claims or third-party claims concern any issue relating to Gould's liability to McCormick. Further, Gould's claims involve different theories of liability and different proofs than those put in issue by McCormick's Complaint. While Gould's claims for the wrongful death of Daniel Gould may be meritorious and comprise a logical unit, they remain a group separate and distinct from the main suit brought by McCormick. Moreover, this federal court seriously questions whether such non-diverse claims should be tried in this forum based upon the reasoning expressed by this Court in *Goff v. Kroger Co.*, 647 F.Supp. 87 (S.D.Ohio 1986), and employed by this Court in the consistent exercise of discretion regarding pendent jurisdiction pursuant to *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Although this matter is only in its initial stages, already the total picture is one of a ready and waiting plaintiff with an elementary suit overloaded and lost in a quagmire created by a defendant.

This Court is committed to the goal of Fed.R.Civ.P. 1 "to secure the just, speedy and inexpensive determination of every action" and to the great purposes of the judicial system of determining the truth and resolving disputes between parties. In light of the congested court calendars, best efforts must be focused to comply with this premier procedural rule.

Against this backdrop, the Court addresses Taft's Motion to Dismiss the Amended Third–Party Complaint. The Motion is based on the grounds that 1) the Amended Third–Party Complaint does not state a claim under which Taft is or may be liable to Gould for all or part of plaintiff McCormick's claims against Gould as required by Fed.R.Civ.P. 14(a) and 2) it fails to state a claim against Taft for which relief can be granted.

Defendant third-party plaintiff Gould opposes the dismissal of its claims against Taft but wisely concedes that Rule 14 is not applicable in this situation and admits that Taft cannot properly be classified as a third-party defendant. As Gould accurately points out, under Ohio law, Taft, as plaintiff's decedent's employer, is immune from liability for negligence to plaintiff and from contribution or indemnification to defendant Gould for the wrongful death of plaintiff's decedent. *See* Ohio Rev.Code § 4121.80(B) which codifies the constitutional immunity accorded Ohio employers from negligence suits by their employees; see also *Taylor v. Academy Iron & Metal Co.,* 36 Ohio St.3d 149, 522 N.E.2d 464 (1988); see also *McPherson v. Cleveland Punch & Shear Co.,* 816 F.2d 249 (6th Cir.1987).

In light of that recognition, Gould explains that the grounds for joining her claims against Taft to the main claim brought by McCormick are Rules 13(h) and 20(a). Gould now seeks to be considered a cross-claimant and to have Taft considered a cross-defendant or a counter-defendant. These arguments have been addressed by Taft in its Reply Memorandum and present the immediate issue for this Court's consideration.

However the claims are characterized, the resolution of this controversy will be approached on the basis of substance rather than form. As Justice Black once observed,

"[t]he principal function of procedural rules should be to serve as useful guides to help, not hinder persons who have a legal right to bring their problems before the Courts."

*Order Adopting Revised Rules,* 346 U.S. 946 (1954). Further, the United States Court of Appeals for the Sixth Circuit, in discussing the liberal construction of Rules 13 and 14 to administer "complete and evenhanded justice expeditiously and economically" cautioned that "[t]he aid of these rules is facilitation not frustration of decisions on the merits." *LASA Per l'Industria Del Marmo Soc. Per Azioni v. Alexander,* 414 F.2d 143, 146 (6th Cir.

1969), citing *Frommeyer v. L. & R. Construction Co.,* 139 F.Supp. 579, 585 (D.N.J. 1956).

Plaintiff's decedent, Nancy McCormick, was employed as an air traffic reporter by WKRC Radio Station which is owned by Taft. She delivered reports on traffic conditions from the inside compartment of a fixed-wing aircraft or from a helicopter. Daniel Gould was employed by defendant Mays Aviation International, Inc., d/b/a Federal Helicopter Express to pilot a Bell helicopter when perilous weather conditions made the use of a fixed-wing aircraft non-feasible. Defendant Mays contracted with WKRC Radio to provide a pilot and aircraft from which WKRC's reporters broadcasted airborne traffic reports in both good and bad weather.

Following a tragic accident in which Nancy McCormick and Daniel Gould were fatally injured, McCormick's estate brought this action against Gould's estate and against the Mays defendants. Taft was not, and is not, named as a defendant in McCormick's Complaint.

Again, the Court must emphasize that the original Complaint, the main claim, seeks damages from Gould and the Mays defendants for the death of *Nancy McCormick;* the claims in the Amended Third–Party Complaint (or cross-claims against Taft) state separate independent claims for the death of *Daniel Gould* over which this Court at best has only pendent or discretionary jurisdiction.

Rules 13 and 14 govern the claims a defendant may make in a civil action. As it has already been determined and agreed that Rule 14 is inapplicable under the specific facts of this case, we turn our attention to Rule 13. Rule 13(h) permits a defendant to join both indispensible parties and permissible parties in cross-claims and counterclaims. Rule 13(h) provides that:

"Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20."

Rule 19 addresses the issue of joinder of parties needed for just adjudication; Rule

20 sets forth standards for permissive joinder.

■ Rule 19 does not require that Taft be joined as a defendant since complete relief can be accorded among those already parties for the claims that they have brought against each other. Disposition of McCormick's wrongful death claim against Gould and the Mays defendants for *her* damages in the absence of Taft will not subject Gould or the Mays defendants to any risk of incurring double, multiple, or otherwise inconsistent obligations because Taft cannot be liable to those defendants for plaintiff's decedent's injuries and death. See *Taylor*, 36 Ohio St.3d 149, 522 N.E.2d 464; see also *McPherson*, 816 F.2d 249. Further, in anticipation of this Court's ruling on Gould's counterclaim against McCormick and cross-claim against the Mays defendants based on the phantom tort of "negligent inducement," Taft's presence is not necessary for resolution of those claims; and the remainder of Gould's cross-claims against the Mays defendants relate solely to their alleged responsibility for *Gould's* damages and have no connection to Taft. In this case, therefore, there exists no necessity to join Taft in order to grant complete relief in the determination of those claims or of the claims raised in plaintiff's Complaint. Simply stated, Taft is not an indispensable party to this action.

■ Permissive joinder is governed by Rule 20 which provides, in pertinent part, that:

> "[A]ll persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."

Permissive joinder is not applicable in all cases; all three prongs, a right of joint relief asserted, related to the same occurrence, and common questions of law or fact, must be met. Additionally, permissive joinder of parties is a matter highly dependent on judicial discretion and Rule 20 has been described as a procedural rule based on trial convenience. See *Mosley v. GMC*, 497 F.2d 1330 (8th Cir.1974); see also *Gates v. L.G. DeWitt, Inc.*, 528 F.2d 405, 413 (5th Cir.1976).

In this case, the elements of Rule 20(a) cannot be met. There is no claim stated jointly, severally, or in the alternative against both Gould and Taft. Gould's claims against Taft are independent of McCormick's claims and are directed solely at an additional party. Also, since Gould's claims are for the damages arising from the death of Daniel Gould and not from the death of plaintiff's decedent, the questions of law and fact differ significantly. While the deaths of both McCormick and Gould and their respective claims resulting therefrom arise from the same accident, their legal theories, proofs of facts and damages are separate and distinct. Gould's claims are not intertwined with McCormick's claims, nor are they dependent upon the resolution of McCormick's claims. Mere factual similarity is not sufficient to compel joinder.

In denying a defendant's motion to add additional parties under similar facts, the district court in *Sternaman v. Macloskie*, 37 F.R.D. 316 (E.D.S.C.1965) noted that a *plaintiff* has the right to join one or more of several joint tort feasors as defendants without joining all of them, and a defendant has no right to compel a plaintiff to join those who plaintiff elects not to sue. See also *Weaver v. Marcus*, 165 F.2d 862, 866 (4th Cir.1948).

Defendant Gould also argues that this Court should compel joinder of Taft "because it advances the goals of judicial economy and even-handed justice and avoids multiplicity of suit." This Court acknowledges that the many opinions which address the Federal Rules of Procedure generally, and joinder specifically, express the ideal that the rights of all parties should be adjudicated in one action whenever possible and that the Rules are intended to avoid circuity and multiplicity, to promote judicial economy and facilitate expediency. This Court is not in disagreement with those goals.

This Court, however, has equal concerns for the protection of the rights of a party against prejudice, delay or confusion. A trial court must carefully consider and weigh all of those purposes and analyze each case on its own facts.

Significantly, the only claims properly before this federal court are the claims asserted by plaintiff. All of Gould's claims are state law claims and no diversity exists between her and Taft. This fact, combined with the fact that Gould's causes of action are completely distinct from and independent of plaintiff's claims, militates against resolution of all of these claims in one trial. The Supreme Court of the United States has spoken to this concern:

From a purely factual point of view, it is one thing to authorize two parties, already present in federal court by virtue of a case over which the court has jurisdiction, to litigate in addition to their federal claim a state-law claim over which there is no independent basis of federal jurisdiction. But it is quite another thing to permit a plaintiff, who has asserted a claim against one defendant with respect to which there is federal jurisdiction, to join an entirely different defendant on the basis of a state-law claim over which there is no independent basis of federal jurisdiction, simply because his claim against the first defendant and his claim against the second defendant 'derive from a common nucleus of operative fact.' [*United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)]. True, the same considerations of judicial economy would be served insofar as plaintiffs claims 'are such that he would ordinarily be expected to try them all in one judicial proceeding....' *Ibid.* But the addition of a completely new party would run counter to the well-established principle that federal courts, as opposed to state trial courts of general jurisdiction, are courts of limited jurisdiction marked out by Congress. We think there is much sense in the observation of Judge Sobeloff, writing for the Court of Appeals in *Kenrose Mfg. Co. v. Fred*

*Whitaker Co.,* 512 F.2d 890, 894 (4th Cir.1972):

'The value of efficiency in the disposition of lawsuits by avoiding multiplicity may be readily conceded, but that is not the only consideration a federal court should take into account in assessing the presence or absence of jurisdiction. Especially is this true where, as here, the efficiency plaintiff seeks so avidly is available without question in the state courts.'

*Aldinger v. Howard,* 427 U.S. 1, 14–15, 96 S.Ct. 2413, 2420–21, 49 L.Ed.2d 276 (1976).

Based upon the procedural and factual posture of this case, and in the exercise of discretion, this Court finds that it is in the interest of justice, the parties and the trier of the facts to confine this case to the claims made by the original parties. This Court concludes that the maintenance of an entirely independent suit within this trial would unnecessarily complicate and delay this action in contravention of the paramount objective of the federal judicial system. Further, this ruling, while avoiding possible prejudice to plaintiff, will not prejudice defendant Gould as her rights are not irretrievably lost but only referred to the proper forum. Also, none of defendant Gould's defenses to plaintiff's claim or evidence in support of her cross-claims against the Mays defendants are legally prejudiced by this ruling.

Based upon the foregoing, the Court finds that defendant Gould cannot meet the requirements of Rules 13(h), 14(a), 19 or 20. Accordingly, Taft's Motion to Dismiss (doc. no. 20) the claims asserted against it by Gould is GRANTED and those claims are hereby DISMISSED WITHOUT PREJUDICE; the Third–Party Amended Complaint of Defendant Gould (doc. no. 17) is stricken and Gould's request (doc. no. 22) to assert those claims against Taft as cross-claims in this lawsuit is DENIED.

Further, completion of discovery shall occur on or before February 24, 1989 and, except in exigent circumstances, no motion shall be filed after March 24, 1989; all motions shall be decided without oral argument unless otherwise ordered by the

Court. This matter is hereby set for jury trial on Monday, June 5, 1989 at 9:30 A.M. and the parties shall file a Joint Final Pre–Trial Order on or before the close of business on Friday, May 5, 1989.

IT IS SO ORDERED.